JOSEPH CHIRCO, Respondent, v. STAR THEATRE AMUSEMENT COMPANY, Defendant, and SAM RAYMOND'S THEATRE CORPORATION, Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event. The court erred in excluding testimony at folio 134. (*Hubbell* v. *City of Yonkers*, 104 N. Y. 434, 439; *Boutet* v. *City of New York*, 199 App. Div. 835, 842; 1 Wigm. Ev. [2d ed.] §§ 448, 449.) Young and Carswell, JJ., concur; Lazansky, P. J., concurs in result and votes for reversal and a new trial upon the ground that the verdict of the jury is against the weight of the evidence; Kapper and Hagarty, JJ., dissent and vote to affirm.

ARTHUR GUNNING, Respondent, v. GEORGE KEAN & Co., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty, and Carswell, JJ.

ICE SERVICE COMPANY, INC., and Others, Respondents, v. CITY OF NEW YORK, and RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

EUGENE KADE, Respondent, v. SANITARY FIREPROOFING AND CONTRACTING COMPANY, Appellant.— Upon reargument, we adhere to our original decision,* but leave to the determination of the trial court the question of the competency of the testimony of the plaintiff as against the defendant and the deceased alleged copartner. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

ANNA LEVY and MILDRED FESSLER, Plaintiffs, v. CHARLES RAGUE, Defendant.— Upon agreed statement of facts, judgment unanimously directed for defendant, without costs. The Surrogate's Court of the county of Richmond failed to acquire jurisdiction of all parties interested in the estate of Carrie Melville, deceased, and, therefore, the decree of the court declaring the 13th paragraph of the will invalid, illegal and void, and directing its elimination from the will, does not affect the rights of the contingent remaindermen, who, concededly, were not parties to the proceeding brought for the construction of the will of Carrie Melville pursuant to the provisions of section 145 of the Surrogate's Court Act. The plaintiffs, therefore, cannot convey a good and marketable title. In this decision we do not review the decree of the learned surrogate of Richmond county, under which the 13th paragraph of the will was excised, as it is not before us and, therefore, do not pass upon the validity or invalidity of that clause. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.